**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TERRENCE Q. WILLIAMS,

                             Petitioner,

      - v -                                                      Civ. No. 9:02-CV-1262[1]
                                                                              (GLS/GHL)

JOHN BURGE, Superintendent,

                             Respondent.
_____

**APPEARANCES:**                                              **OF COUNSEL:**

TERRENCE Q. WILLIAMS
Petitioner, *Pro Se*
120-46 193rd Street
St. Albans
Queens, NY 11412

HON. ANDREW M. CUOMO                        MARIA MORAN, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Attorney for Respondent
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

**GEORGE H. LOWE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[2]

      Petitioner Terrence Williams pled guilty in Broome County Court to criminal possession of a controlled substance in the third and fifth degrees and resisting arrest.[3] Plea, dated Nov. 2, 1998,

---

[1] *See also* the related case of *Williams v. Burge*, 9:02-CV-1261.

[2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and N.D.N.Y.L.R. 72.

[3] The Court notes that Petitioner was released from state custody on March 9, 2007. *See* http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130. *Habeas* petitioners no longer in custody must demonstrate that they suffer from a "concrete and continuing injury," or a "collateral consequence" of the alleged violation. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Carafas v. LaVallee,* 391 U.S. 234, 237-38 (1968)). The

at pp. 6-10. On January 15, 1999, Petitioner was sentenced as a second felony offender to an indeterminate term of four and one-half (4½) to nine (9) years for criminal possession of a controlled substance in the third degree, two and one-half (2½) to five (5) years for criminal possession of a controlled substance in the fifth degree, and he received a one (1) year conditional discharge on the charge of resisting arrest. Sentencing Tr., dated Jan. 15, 1999, at pp. 13-14. The two criminal possession counts were to run concurrently. *Id.* at p. 14.[4]

Petitioner appealed the judgment of conviction to the Appellate Division, Third Department. In that appeal Petitioner claimed, as he does here, that the trial court improperly denied his motion to suppress physical evidence that had been seized from him pursuant to a search warrant. On June 7, 2001, the Appellate Division unanimously affirmed the judgment of conviction. *People v. Williams*, 726 N.Y.S. 2d 740 (3d Dept. 2001). Petitioner's application for leave to appeal to the New York Court of Appeals was denied on July 25, 2001. *People v. Williams*, 96 N.Y.S. 2d 807 (2001).

## I. BACKGROUND

On March 12, 1998, Petitioner was indicted on charges of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and resisting arrest. Indictment No. 98-300, dated Mar. 12, 1998. It was alleged that on or about January 30, 1998, Petitioner knowingly and unlawfully possessed five hundred milligrams or more of cocaine with the intent to sell it, and that at that time he attempted to prevent a police

---

Supreme Court has stated that a challenge to the conviction itself carries the presumption that a collateral consequence exists. *Id.* at 8. Thus, Petitioner fulfills the "in custody" requirement of 28 U.S.C. § 2241 because Petitioner challenges his conviction.

[4] Also on January 15, 1999, in a separate case, Petitioner was sentenced to a consecutive term of imprisonment of five years based upon a conviction of robbery in the second degree. Sentencing Tr. at p. 14; *see also* 9:02-CV-1261.

officer from effecting a lawful arrest by fighting and attempting to flee. *Id.*

On October 8, 1998, the court conducted a combined Suppression and *Sandoval* Hearing. Hr.'g Tr., dated Oct. 8, 1998.[5] At the Hearing, Petitioner challenged the validity of a search warrant that authorized the search of the residence of Cindy Curry as well as any persons found within the residence. *Id.* at pp. 5-7. The underlying facts[6] were that on January 30, 1998, Petitioner was at the Curry residence when the warrant was executed. *See* R.A.,[7] Volume 2, Ex. C., Supp. Report at pp. R564. Petitioner was found in the bathroom and taken to a bedroom to be searched. *Id.* at pp. R564-65. While Petitioner was undressing, the officers noticed him trying to put his hand down the rear of his pants; he was instructed not to do so. *Id.* at p. R565. Once undressed, Officer Vanek requested that Petitioner turn, bend over, and spread his buttocks. *Id.* Officer Vanek observed an object protruding from Petitioner's anal area and attempted to retrieve it. *Id.* Petitioner became violent and attempted to fight with and flee from the officers. *Id.* Petitioner was subdued, and a plastic baggie containing cocaine was secured from the floor underneath Petitioner. *Id.*

The question before the Court at the Hearing was not whether sufficient evidence had been presented to the issuing magistrate to justify the search of the Curry residence. Rather, the issue was whether sufficient evidence had been presented to the magistrate to justify the warrant's authorization to search any persons found within the residence. As stated by the County Court

---

[5] In a *Sandoval* hearing, the trial court determines "whether, if the defendant testifies, his prior convictions may be admitted to impeach his credibility." *Shannon v. Senkowski*, 2000 WL 1683448, at *6 (S.D.N.Y. November 9, 2000); *see also People v. Sandoval*, 34 N.Y.2d 371, 374 (1974). Because there is no challenge to the *Sandoval* ruling, the Court will only discuss the relevant portions of the Hearing relating to suppression.

[6] Because the defense and prosecution agreed on the facts that occurred at the time the warrant was executed, these underlying facts were not thoroughly discussed at the Hearing, which focused on the applicable law. *See* Hr.'g Tr. Thus, the Court references a police officer's report prepared subsequent to the search in order to develop an understanding of the factual situation that occurred on January 30, 1998.

[7] R.A. refers to the Record on Appeal.

Judge, the issue was

> whether or not the application, by itself, is sufficient to meet (the) high standard of establishing that illegal controlled substance business and it's occurring on a regular basis, when you want to use those fact(s) to warrant the search of everyone present.

R.A., Volume 1, at p. R53. He found that the standard was met and denied the suppression motion. *Id.* at R58.

## II. DISCUSSION

### A. The Effect of Petitioner's Guilty Pleas

In this habeas application Petitioner is faced with a fatal threshold issue: his guilty pleas. "After entering a guilty plea, a criminal defendant may not 'thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.'" *Bastien v. William*, No. 03 Civ. 5749 (DLC), 2004 WL 2978283, at *5 (S.D.N.Y. Dec. 20, 2004) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Guilty pleas, if voluntary, "preclude a defendant from asserting independent claims relating to prior, nonjurisdictional events." *Conyers v. McLaughlin*, No. 96CV1743 NAM GLS, 2000 WL 33767755, at *4 (N.D.N.Y. Jan. 27, 2000). Here, since Petitioner has not challenged the voluntariness of his guilty pleas, his search and seizure claims are not cognizable, and his Petition should be dismissed on this ground alone.

### B. The Merits of Petitioner's Claims

Even if the Court were to examine Petitioner's assertions that his Fourth Amendment rights were violated when evidence obtained pursuant to the search warrant was not suppressed, the claims would be found to be without merit. *See Stone v. Powell,* 428 U.S. 465 (1976) (cited in *Hernandez*

*v. Filion*, 2005 WL 3164063, at *5-6 (S.D.N.Y. Nov. 29, 2005)); *see also Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992); *Campbell v. Greene*, 440 F. Supp. 2d 125, 138-39 (N.D.N.Y. 2006). Pursuant to *Stone,* a petitioner is not entitled to *habeas* relief if the state courts provided "an opportunity for full and fair litigation" of a claim under the Fourth Amendment. *Stone v. Powell*, 428 U.S. at 482. Thus, a federal court may only review a claim based on the Fourth Amendment "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley,* 975 F.2d at 70 (citing *Gates v. Henderson,* 568 F.2d 830, 840 (2d Cir. 1977)); *Campbell v. Greene*, 440 F. Supp. 2d at 138 (citing *Capellan*). New York law provides such a corrective procedure for Fourth Amendment claims in the form of a suppression hearing. *See* CRIM. PROC. LAW §§ 710.10 *et seq.*; *see also Capellan v. Riley,* 975 F.2d at 70 n.1 (holding that "federal courts have approved New York's procedure for litigating Fourth Amendment claims . . . as being facially adequate"); *Campbell v. Greene*, 440 F. Supp. 2d at 138.

Here, Petitioner was provided with a suppression hearing and he does not claim that he was precluded from a full and fair opportunity to litigate his Fourth Amendment claims. *See* Pet. The Second Circuit has held that "once it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief." *Graham v. Costello,* 299 F.3d 129, 134 (2d Cir. 2002). Furthermore, a "mere disagreement with the outcome of a state court ruling is not the equivalent of an unconscionable breakdown in the state's corrective process." *Capellan v. Riley*,

975 F.2d at 72.

Therefore, it is recommended that the Petition be **denied** on this alternative ground[8].

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* (Dkt. No. 1) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated:  February 14, 2008
        Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge

---

[8] An additional alternative basis for dismissal of the Petition is the factual finding by the Appellate Division that the evidence that Petitioner sought to have suppressed was not seized from his person but "was retrieved from the floor." *People v. Williams*, 284 A.D.2d 564, 566 (3d Dept. 2001).  Under the Antiterrorism and Effective Death Penalty Act, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1) (2005). Petitioner has not met this burden and the presumption has not been overcome.